**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CONRAD JAMES, I,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF ANCHORAGE, *et al.*,<br><br>*Defendants*. | Case No. 3:26-cv-00034-SLG-KFR |

**ORDER ON REPORT AND RECOMMENDATION**

Before the Court are three pending motions filed by Plaintiff Conrad James, I: (1) Emergency Motion for Temporary Restraining Order (TRO) at Docket 14; (2) Motion for Immediate Preservation Order and Temporary Restraining Order at Docket 16; and (3) Emergency Supplement to Motion for TRO (Regarding Retaliatory Curfew and Imposition of Carceral Conditions) at Docket 25.

Screening of Plaintiff's Complaint has not yet occurred pursuant to 28 U.S.C. § 1915 and therefore service has not yet been completed and Defendants have not entered an appearance. As such, Defendants did not file a response to Plaintiffs' motions.

The motions were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 39, Judge Reardon issued his Report and Recommendation, in which he recommended that all three motions be denied. Plaintiff filed Objections to the Report and Recommendation at Docket 42.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court deny all three motions because Plaintiff has not shown that he has satisfied the requirements of Federal Rule of Civil Procedure 65(a)(1)(B), which requires a party seeking a temporary restraining order to certify in writing any efforts made to give notice to the adverse party and reasons why written or oral notice to the adverse party should not be required.[4] Further, the Magistrate Judge recommends denial of all three motions because Plaintiff has not satisfied the high standard required to obtain a temporary restraining order.[5]

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 39 at 3.

[5] Docket 39 at 3-4.

Plaintiff objects to the Magistrate Judge's finding that he has failed to satisfy Rule 65 because, according to Plaintiff, on January 26, 2026, Plaintiff delivered a Notice of Automated Fiscal Audit & Preservation Demand to the Municipal Attorney and Municipal Clerk.[6] The Notice allegedly "commanded a 'Litigation Hold on all database logs' and warned that failure to comply constituted spoilation of evidence."[7] Plaintiffs also states that he "exhausted all administrative notice channels by filing formal grievances with the Municipal Ombudsman regarding the denial of active harm reduction and standard of care."[8]

The Court rejects Plaintiff's objection. Plaintiff states that he delivered a notice to the Municipal Attorney and Municipal Clerk on January 26, 2026. Plaintiff's first TRO motion was not filed filed until February 3, 2026. Therefore, the Notice could not have provided Defendants with notice that Plaintiff was seeking a temporary restraining order. Indeed, one of Plaintiff's motions acknowledges that he did "not seek service while screening was pending," in accordance with the Court's Standing Order.[9] Had the Court, upon initial review of the motions, determined that preliminary injunctive relief might have been warranted, it would have ordered service at that time, assuming there was not the

---

[6] Docket 42 at 1.

[7] Docket 42 at 1.

[8] Docket 42 at 1-2.

[9] Docket 16 at 1.

issue with the apparent inconsistency regarding Plaintiff's possession of $10,000 in February 2026. Further, nothing in Plaintiff's objections suggests that the "Fiscal Audit & Preservation Demand" and exhaustion of administrative remedies with the Municipal Ombudsman provided notice that Plaintiff was seeking emergency injunctive relief to restrain Defendants' actions, which is an "extraordinary remedy."[10]

Further, as Plaintiff has acknowledged, pro se litigants cannot maintain a class action and the Magistrate Judge denied Plaintiff's request for a volunteer attorney.[11] But much of the relief that Plaintiff seeks in these motions is not solely for his only temporary relief, but class-wide relief. As to such relief, Plaintiff clearly has not shown a likelihood of success. Furhter, Plaintiff cannot obtain relief on behalf of Dawn Brinton concerning her potential claims against Defendants.[12] In addition, on de novo review, the Court has reviewed the Report and Recommendation and agrees with its analysis. Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Motions at Dockets 14, 16, and 25 are each DENIED.

Assuming that Plaintiff is able to adequately respond to the Order to Show Cause entered by the Magistrate Judge with respect to the Application to Waive

---

[10] *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008).

[11] Docket 37 at 2.

[12] See Docket 16-3 at 1, Docket 16-4 at 1-7; Docket 16-5at 1-3.

the Filing Fee, and that application is then granted, this case will then be ready for screening.

DATED this 10th day of September, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE